```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

SANDRA L. BREI,                     )
                                    )
            Plaintiff,              )
                                    )
       vs.                          )    Civil Action No. 09-931
                                    )
COMMISSIONER OF SOCIAL SECURITY     )
ADMINISTRATION,                     )
                                    )
            Defendant.              )

## O R D E R

AND NOW, this 24th day of March, 2010, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §401, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse,

merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 9) is DENIED and defendant's Motion for Summary Judgment (document No. 11) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf: Counsel of record

---

[1]

The Plaintiff challenges the decision of the Administrative Law Judge ("ALJ") for the following reasons: (1) that the ALJ failed to properly consider the medical opinion of Dr. Uberti; (2) that the ALJ improperly found that her subjective testimony was not credible; and (3) that the ALJ incorrectly determined that her work as a telemarketer was not a failed work attempt.

First, the Court finds that substantial evidence supports the ALJ's determination assigning "very little" weight to the opinion of Dr. Uberti contained on a Medical Source Statement form because it was inconsistent with his own clinical and diagnostic findings. R. 78-79, 83, 242, 288-90, 377. Such opinions are not controlling, as the Commissioner must make his own determination as to whether a claimant is disabled. 20 C.F.R. § 404.1527(e)(1); Adorno v. Shalala, 40 F.3d 43, 47-48 (3d Cir. 1994).

Second, the Court finds that the ALJ gave proper consideration to Plaintiff's testimony concerning the intensity, persistence and limiting effects of the symptoms of her impairments, on which he found the Plaintiff to be not credible. R. 81-82; see also 20 C.F.R. § 404.1529. The ALJ reached this conclusion after a careful review of Plaintiff's medical records, which showed that she made few complaints about any condition and received little documented medical treatment during the relevant period. R. 82. The ALJ found the medical evidence was "benign" and, therefore, inconsistent with her subjective complaints. R. 82.

Third, the Court finds that the ALJ properly concluded that the Plaintiff's work as a telemarketer was past relevant work and not a "failed work attempt." R. 84; see also 20 C.F.R. § 404.1574. The ALJ properly concluded that the Plaintiff produced no objective evidence that her impairments prevented her from performing the duties of this job or that she was given any special accommodation. R. 84.

Substantial evidence supports the decision of the Commissioner that the Plaintiff can perform her past work as a telemarketer.